UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA VANCE, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA, an entity, and KRISTIN BARNETT, an individual,<br><br>        Defendants. | Case No.: 3:20-cv-01480-BEN-KSC<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[ECF Nos. 3, 4]** |

  Plaintiff Tera Vance filed suit in San Diego County Superior Court against Defendants Berkshire Hathaway Life Insurance Company of Nebraska ("BHLN") and Kristin Barnett alleging ten causes of action arising in tort and contract. Defendants removed the case to this Court. ECF No. 1. Thereafter, each Defendant filed a motion to dismiss. ECF Nos. 3, 4. For the reasons that follow, the motions are granted in part.

**I. Background[1]**

  This case concerns a structured settlement annuity. In May 2016, John Eutsler settled a personal injury claim with a third-party. Compl., ECF No 1-4, ¶ 7. The third-party then assigned its obligations to Eutsler to Berkshire Hathaway Group Structured

---

[1] The Court here is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendants' motions to dismiss.

1

Settlements, Inc. ("BHG"), and BHG purchased an Annuity Contract (the "Annuity") from Defendant BHLN to fund its obligation to make periodic structured settlement payments to Eutsler. *Id*. at ¶ 8. The Annuity specifies that BGH is the "Owner" of the Annuity, Eutsler is the "Optional Payee" and Defendant Barnett, Eutsler's sister, is the "Contingent Payee." *Id*. at Ex. 1. Eutsler later became engaged to Vance. *Id*. at ¶ 17.

On April 19, 2019, Eutsler changed his address with BHLN to Vance's address in Carlsbad, California, which BHLN acknowledged by letter on April 26, 2019. *Id*. at Ex. 2. Also on April 19, 2019, Eutsler executed a Beneficiary Designation or Change Request ("Change Request"), which was notarized in San Diego, California. *Id*. at Ex. 3. The Change Request indicated Eutsler named Vance as a "primary beneficiary" under the Annuity and that he allocated her fifty percent of the benefits thereof. *Id*. The Change Request also clearly indicated Eutsler named his mother, Lenora, as a "contingent beneficiary" and that he allocated her fifty percent of the benefits thereof. *Id*. The remainder of the Change Request is less clear.

Importantly, the Change Request contains two spaces for the payee (here, Eutsler) to name a "primary beneficiary." *Id*. While Vance's name is clearly indicated, Defendant Barnett is listed in the second space and the section is entirely crossed-out. *Id*. Initials appear next to the crossed-out portions. *Id*.

Eutsler sent the Change Request to BHLN sometime after it was notarized. *Id*. at ¶ 22. On April 29, 2019, Vance alleges BHLN rejected the Change Request.[2] *Id*. at ¶ 23. Though knowing of his new address, Vance alleges the rejection letter was sent to Eutsler's old address. *Id*. No further action was taken on the Change Request. *Id*. at ¶¶ 24-29. On November 22, 2019, Eutsler died in an automobile accident. *Id*. at 28.

Vance alleges Eutsler did everything he could to change the designated beneficiary of the Annuity to be her, but that Barnett and BHLN continue to refuse to recognize the

---

[2] The Parties dispute whether BHLN or BHG sent the rejection letter. This is immaterial, as it would not change the Court's analysis and conclusions below.

Change Request. *Id*. at ¶¶ 30-32. She alleges BHLN was negligent in not properly notifying Eutsler of the Change Request rejection, that Barnett is intentionally and maliciously attempting to keep the proceeds, and that BHLN and Barnett have caused her emotional distress. *Id*. at ¶¶ 32-33.

## II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]hen assessing a complaint's allegations, the court may [also] consider any document incorporated by reference in the complaint." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co*., 443 F.3d 676, 681-82 (9th Cir. 2006).

## III.    Analysis

Vance originally brought ten claims against BHLN and Barnett. The first claim is against BHLN for negligence. Claims Two, Four, Five, and Six are also against BHLN and sound in contract. Claim Seven alleges Barnett committed conversion. Claim Eight is for declaratory relief against both parties and Claims Nine and Ten allege both Defendants committed torts involving emotional distress. In her briefing, Vance

withdrew Claim Three alleging BHLN committed Unfair Business Practices. *See* Opp'n, ECF No. 6, 17.

### A. Negligence

Vance's First Claim alleges BHLN was negligent in that it failed to notify Eutsler that it considered the Change Request he signed and had notarized insufficient. Compl., ECF No. 1-4, ¶¶ 25, 29, 38. She argues BHLN's negligence arises from a fiduciary duty BHLN owed her as a "third-party beneficiary" to the Annuity. *Id.* at ¶ 38. BHLN argues it does not owe a fiduciary duty to Vance because she is not a third-party beneficiary, and therefore her claim necessarily fails. Mot., ECF No. 3-1, 9-10.

In California, negligence comprises "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1062 (E.D. Cal. 2010) (citing *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (Cal. Ct. App. 1998)).

Addressing the first element, Vance alleges she is a "third-party beneficiary of [Eutsler]" and thus BHLN had a fiduciary obligation to her. Compl., ECF No. 1-4, ¶¶ 37-38. In California, "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. "[A]lthough the contract may not have been made to benefit him alone, [the third-party] may enforce those promises directly made for him." *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 943 (Cal. 1976). In the insurance context, California also "allows a direct action against an insurance company to enforce the terms of a contract which were intended to benefit the third-party." *Harper v. Wausau Ins. Co.*, 56 Cal. App. 4th 1079, 1087 (Cal. Ct. App. 1997) (citing *Murphy*, 17 Cal. 3d at 943). This is true whether or not the third-party is named in the contract. *Id.* However, despite Vance's allegations, this is not a traditional insurance dispute. Instead, it involves a structured settlement annuity.

Here, the Complaint and the Annuity attached thereto unequivocally indicate Vance is not a third-party beneficiary. Compl., ECF No 1-4, Ex. 1. The Owner of the

Annuity is BHG, and the Optional Payee is John Eutsler. *Id.* Vance's name does not appear anywhere on the Annuity, but rather only appears in the Change Request that was ultimately rejected. *Id.* at Ex. 1, 3. A plain reading of the Annuity conveys no rights to Vance that would allow her to plead she is a third-party beneficiary under California Civil Code Section 1559 or that BHLN owed her a fiduciary duty. She was not a party to the Annuity, rather she can only argue that Eutsler tried to make her a third-party beneficiary to the Annuity. Her claim to the contrary in the Complaint is contradicted by the Annuity, which is attached to her Complaint, and therefore the Court is not bound to accept her claim as fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a court is not required to accept allegations contradicted by exhibits attached to the Complaint). The limited authority addressing these situations in California has likewise settled against finding claimants such as Vance to be third-party beneficiaries. *See Sisco v. Cosgrove, Michelizzi, Schwabacher, Ward & Bianchi*, 51 Cal. App. 4th 1302, 1309 (Cal. Ct. App. 1996) *and Ramirez v. Am. General Life Ins. Co.*, 2018 WL 300374 (Cal. Ct. App. Jan. 5, 2018).[3]

As pleaded, the Court finds Vance's negligence claim to be deficient because Vance cannot show BHLN owed her a fiduciary duty. Nonetheless, the Court grants leave to amend this claim as Vance may be able to otherwise plausibly plead BHLN owed her a duty of care that was breached by its rejection of the Change Request even though she was not a third-party beneficiary to the Annuity.

**B. Contract Claims**

Claims Two, Four, Five, and Six allege various breach of contract theories against BHLN. Vance argues that she "is a third-party beneficiary to the contract/Annuity with

---

[3] The Court notes that *Ramirez* is an unpublished decision of the California Court of Appeal, but it can cite such cases as persuasive authority. *See Nunez by Nunez v. City of San Diego*, 114 F..3d 935, 942 n.4 (9th Cir. 1997). The Court does so here because the particular facts in *Ramirez* involving a non-party asserting third-party beneficiary status in a structured settlement annuity contract are largely analogous to Vance's claims here and the court's reasoning in *Ramirez* is consistent with a plain reading of the annuity agreement.

BHLN" and that BHLN negligently failed to notify Eutsler that the Change Request was insufficient, causing her harm. Compl., ECF No. 1-4 ¶¶ 31, 43-46. BHLN argues Vance is not a third-party beneficiary to the Annuity, has failed to allege a provision of the Annuity that it has breached, and that even if Vance did make such an allegation, the Annuity did not impose any duty on BHLN to respond to Eutsler's request to change the beneficiary. Mot., ECF No. 3-1, 10-11. Because Vance is not a party or third-party beneficiary of the contract, the Court need only address BHLN's first argument.

As discussed above, Vance is not a party or third-party beneficiary to the Annuity and therefore cannot bring claims under these theories. In *Sisco*, the California Court of Appeal rejected a mother's claim that she was the beneficiary under a structured settlement annuity her minor son entered into as follows:

> The annuity issued in this case named son as the annuitant and payee. Son was not, however, the owner of the annuity. The annuity was owned by New York Life Insurance and Annuity Corporation. By the terms of the policy, the right to designate a beneficiary was held by the owner of the annuity, not the annuitant or payee. Thus, whether son was prohibited by his minority from exercising his rights under the annuity contract is irrelevant; he had no right under the annuity contract to designate a beneficiary.

*Sisco*, 51 Cal. App. 4th at 1309.

Here, BHG, which is not a party to this action, owned the Annuity. Compl., ECF No. 1-4, Ex. 1. Per the terms of the Annuity, BHG has "the right at any time to designate the payee to whom benefits are payable under the annuity." *Id*. While Vance argues this is "nonsensical," opp'n, ECF No. 6, 12, the terms of the Annuity are clear and the tax advantages for entering into a structured settlement annuity can be a substantial incentive for the recipients of personal injury settlements, like Eutsler, to agree to them. *See* 26 U.S.C. § 130(c).

Applying the reasoning above, Claims Two, Four, Five, and Six must be dismissed. Based on the specific terms of the Annuity, Eutsler had no right to designate a

beneficiary but only the right to *request* a change to the beneficiary.  Compl., ECF No. 1-4, Ex. 1.  Since the Change Request was rejected, Vance could not be a third-party beneficiary and therefore BHLN owed her no contractual duties.

In considering whether to grant Vance leave to amend, the Court is mindful that Federal Rule of Civil Procedure 15(a)(2) provides that such leave shall be freely given.  However, the Court need not grant leave to amend where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  That is the case here.  Vance is simply not a party to the Annuity and by the Annuity's terms Eutsler did not have the unilateral right to make her a party to it.  Accordingly, Claims Two, Four, Five, and Six are dismissed with prejudice.

**C. Conversion**

Vance's Seventh Claim is against Barnett for conversion.  Vance argues Eutsler intended to transfer the structured payments to her and his mother in the event of his death, giving her a property right in the payments.  Compl., ECF No. 1-4, ¶ 74.  She argues Barnett has attempted to take the funds and misappropriated them for her own personal use.  *Id*. at ¶ 76.  Barnett argues she holds title to the funds, and therefore she cannot commit conversion.  Mot., ECF No. 4-1, 8.

In California, conversion is the wrongful exercise of dominion over the property of another.  *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (Cal. 2015).  To prove conversion, Vance must show (1) her ownership or right to possession of the property; (2) Barnett's conversion by a wrongful act or disposition of property rights; and (3) damages.  *Id*.  Put differently, Vance "must establish an actual interference with [her] ownership or right of possession." *Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 136 (1990) (citations omitted).  "Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, [she] cannot maintain an action for conversion." *Id*.

Vance argues she has alleged facts establishing each element of a conversion claim.  Opp'n, ECF No. 7, 10-11.  However, her allegations contain only legal

conclusions and no factual details of how Barnett "misappropriated the funds for her own personal use and enjoyment." *Id.* at 11.  Moreover, Vance alleges BHLN "never effect[ed] the change Mr. Eutsler desired" on the Change Request.  Compl., ECF No. 1-4, ¶ 31.  If BHLN never made the change Vance cannot argue Barnett "is wrongfully assuming ownership" of her interest because Barnett would continue to be the beneficiary of the proceeds.  Opp'n, ECF No. 8, 12.  While at this stage in litigation the Court does not consider Barnett's factual arguments against the Complaint, Vance's conversion claim remains woefully deficient.

Accordingly, Barnett's motion to dismiss Vance's Seventh Claim is granted with leave to amend.

**D. Declaratory Relief**

Vance's Eighth Claim seeks declaratory relief holding "she is the rightful third-party beneficiary under the BHLN contract/Annuity."  Compl., ECF No. 1-4, ¶ 79.  BHLN and Barnett again argue that Vance lacks standing to request declaratory relief.  Mot., ECF No. 3-1, 8-9; Mot. ECF No. 4-1, 6-8.

California Code of Civil Procedure Section 1060 provides that "[a]ny person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring [such an action]."  Where a plaintiff "is not legally interested in the contracts as to which [she] seeks a declaration of validity . . . [she] does not and cannot state a cause of action for declaratory relief."  *Blank v. Kirwan*, 39 Cal. 3d 311, 331 (Cal. 1985).

As above, Vance cites to California Civil Code Section 1559, arguing she is a third-party beneficiary of the Annuity.  The Court again rejects this contention for the reasons set forth in Sections III A and B of this Order.  Despite Vance's vigorous contentions, this case does not involve a typical insurance dispute.  *Contra Murphy*, 17

Cal. 3d at 943.  Instead, it is a structured settlement annuity where Eutsler was not the owner and Vance is not a third-party beneficiary.

This deficiency cannot be cured through an amended pleading.  Accordingly, Vance's Eighth Claim is dismissed with prejudice.  *See Schreiber Distributing Co.*, 806 F.2d at 1401.

### E. Intentional Infliction of Emotional Distress

Vance's Ninth Claim is against BHLN and Barnett for intentional infliction of emotional distress.  Vance argues the Defendants intentionally harassed and intimidated her with a malicious motive, causing her to suffer humiliation, mental anguish, and emotional distress.  Compl., ECF No. 1-4, ¶¶ 83-86.  Both Defendants argue there are no factual allegations in the Complaint to support Vance's claim.  Mot., ECF No. 3-1, 17; Mot., ECF No. 4-1, 9-10.

In California, the elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 977 (E.D. Cal. 2016) (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009)).

The Complaint contains only boilerplate legal conclusions and fails to allege any facts showing that Defendants' conduct was intentional or that Vance suffered severe emotional distress as the actual and proximate cause of the Defendants' conduct.  *See* Compl., ECF No. 1-4, ¶¶ 32-33, 35, 83-86.  The Court finds that these allegations fail to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Accordingly, Vance's Ninth Claim is dismissed with leave to amend.

### F. Negligent Infliction of Emotional Distress

Vance's Tenth Claim is against BHLN and Barnett for negligent infliction of emotional distress.  Vance argues Defendants engaged in the same conduct alleged above

but did so negligently.  Compl., ECF No. 1-4, ¶¶ 89-90.  BHLN argues Vance has not alleged any facts of how BHLN might have committed the alleged tort.  Mot., ECF No. 3-1, 17-18.  Barnett argues she owed no duty of care to Vance, and therefore the claim must fail.  Mot., ECF No. 4-1, 11.

In California, "recovery of emotional distress damages has been allowed, absent impact or physical injury, in certain specialized classes of cases." *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010) (citing *Branch v. Homefed Bank*, 6 Cal.App.4th 793, 800, 8 Cal.Rptr.2d 182 (1992)). "In these actions, '[n]egligent infliction emotional distress is not an independent tort in California, but the tort of negligence with the traditional elements of duty, breach of duty, causation, and damages.'" *Id.* (citing *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (Cal. 1992)).

Here, the Complaint again merely recites boilerplate legal conclusions.  Further, it is devoid of any allegations that Barnett owed a duty to Vance which was breached by her alleged conduct.  The claim fails to meet *Twombly*'s plausibility standard.  550 U.S. at 570.  Accordingly, Vance's Tenth Claim is dismissed with leave to amend.

## IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 3, 4) are **GRANTED in part**.  Plaintiff is granted leave to file a First Amended Complaint within fourteen (14) days that cures the pleading deficiencies identified in this Order.  Amendments must be contained within the claims the Court has found deficient and are limited to those claims for which the Court has granted leave to amend.  Plaintiff may not add other claims or parties without seeking leave from the Court.

**IT IS SO ORDERED.**

Dated: November 5, 2020

Hon. Roger T. Benitez
United States District Judge