UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA VANCE, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA, an entity, and KRISTIN BARNETT, an individual,<br><br>                              Defendants. | Case No.: 3:20-cv-01480-BEN-KSC<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**[ECF No. 13]** |

This matter comes before the Court on Plaintiff Tera Vance's ("Plaintiff") Motion for Leave to Amend to Add a Party Pursuant to Federal Rule of Civil Procedure 15. ECF No. 13. Defendant Berkshire Hathaway Life Insurance Company of Nebraska ("BHLN") filed a Response to the Motion indicating it did not oppose Plaintiff's Motion for Leave to Amend, but only as to "those claims that survived the original Motion to Dismiss." Response, ECF No. 16, 2. Defendant Kirstin Barnett did not file a Response, and Plaintiff did not file any reply. The Motion is now ripe for determination.

**I.    LEGAL STANDARD**

Once a responsive pleading is filed, plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Morongo Band of*

*Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (stating that leave to amend is to be granted with "extreme liberality").  "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Serra v. Lappin,* 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation marks and citation omitted).  Generally, amendments adding claims are granted more freely than amendments adding parties.  *Union Pacific R.R. Co. v. Nevada Power Co.,* 950 F.2d 1429, 1432 (9th Cir.1991).

## II.   ANALYSIS

Through her Motion, Plaintiff seeks to add BGH Structured Settlements, Inc. ("BGH") as a Defendant in this action and amends the factual allegations of her claims that were dismissed without prejudice in the Court's recent order.  *Id*. at 2, Ex. 1; Order, ECF No. 11.  As discussed in that Order, it appears from the Parties' briefing that BHG (not BHLN) may be the correct Defendant for Plaintiff's surviving claims.  Due to the close relationship that exists between BHLN and BHG in the structured settlement annuity context, the Court is confident BHLN's representation that "neither BHLN nor BHG will object to BGH being added as a party" may be taken at face value.  Response, ECF No. 16, 2. Moreover, the Court does not find any "bad faith, undue delay, prejudice to the opposing party, and/or futility" present in the instant Motion.  *Serra*, 600 F.3d at 1200.  Accordingly, the Motion is granted.

## III.   CONCLUSION

Plaintiff's Motion for Leave to Amend to Add a Party Pursuant to Federal Rule of Civil Procedure 15 (ECF No. 13) is **GRANTED**.  Plaintiff shall file her Amended Complaint within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Dated:  December 30, 2020

Hon. Roger T. Benitez
United States District Judge