

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA VANCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA; KRISTIN BARNETT, an individual; and BHG STRUCTURED SETTLEMENTS, INC., an unknown entity, and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: 3:20-cv-01480-BEN-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[ECF Nos. 24, 25] |

Plaintiff Tara Vance, the fiancé of a deceased structured settlement annuity holder, brings this action for damages based on the allegation that she would have received half of the annuity had the annuity owner not rejected the decedent's change of beneficiary form and mailed the rejection notice to the decedent's previous address. Before the Court are the motions to dismiss Vance's Second Amended Complaint ("SAC") for failure to state a claim brought by Defendant Kristin Barnett, seeking to dismiss claims 7, 9, and 10 of the SAC, ECF No. 24, and Defendants BHG Structured Settlements, Inc. ("BHG") and Berkshire Hathaway Life Insurance Company of Nebraska ("BHLN"), seeking to dismiss claims 1, 9, and 10 of the SAC, ECF No. 25. Vance opposed. ECF Nos. 26, 27.

Defendants BHG, BHLN, and Barnett (collectively, "Defendants") replied. ECF Nos. 29, 30. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 30. For the reasons set forth below, the motions to dismiss are **GRANTED**.

I.     **BACKGROUND**

    A.     **Factual Background**[1]

This case concerns a structured settlement annuity. In May 2016, John Eutsler settled a personal injury claim with a third-party. SAC, ECF No. 21, ¶ 7. The third-party then assigned its obligations to pay Eutsler to Defendant BHG. *Id.* at ¶ 8. BHG, in turn, purchased an Annuity Contract (the "Annuity") from Defendant BHLN to fund its obligation to make periodic structured settlement payments to Eutsler. *Id.* The Annuity specifies that BHG is the "Owner" of the Annuity, Eutsler is the "Optional Payee," and Defendant Kristin Barnett, Eutsler's sister, is the "Contingent Payee." *Id.* (citing a copy of the Annuity filed on the docket at ECF No. 3-5).[2]

The SAC alleges that on April 19, 2019, Eutsler "changed the beneficiary of the Annuity from Barnett to both Ms. Vance as a 50% beneficiary and his mother, Lenora Eutsler, as a 50% beneficiary." ECF No. 21, ¶ 23. Eutsler allegedly made this change by

---

[1]     The following overview of the facts is drawn from Vance's SAC, ECF No. 21, which the Court assumes true in analyzing Defendants' Motions to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

[2]     Although a Court ordinarily limits its review on a motion to dismiss to the contents of the complaint and material properly submitted along with it, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), courts may "augment" the facts in the complaint "with 'data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice'" without converting a motion to dismiss into a motion for summary judgment, *Rosen v. Uber Techs., Inc.*, 164 F. Supp. 3d 1165, 1171 (N.D. Cal. 2016). In this case, the SAC pleads the contents of the Annuity, and neither party questions its authenticity. Thus, the Court takes judicial notice of the contents of the Annuity for purposes of ruling on the instant motion to dismiss.

sending a notarized "Beneficiary Designation or Change Request form" to BHLN. *Id.* BHLN received the Change Request form but rejected it because it was filled out incorrectly. *Id.* at ¶ 24. BHLN attempted to notify Eutsler of the rejection but sent notice to his old address in Nevada despite knowing he had since moved to California. *Id.* Vance argues BHLN and BHG were negligent in that they did not notify Eutsler that his Change Request form was filled out incorrectly. *Id.* at ¶ 25, 37-41.

On November 22, 2019, Eutsler died in an automobile accident. SAC, ECF No. 21, ¶ 28. Thereafter, pursuant to the Annuity's beneficiary designation (and ignoring the rejected Change Request form), BHG and BHLN made payments on the Annuity to Barnett. *Id.* at ¶ 33. Barnett has refused to give any portion of those payments to Vance. *Id.* Vance alleges BHLN and BHG's continued payment to Barnett along with Barnett's continued withholding of Annuity funds from Vance have caused Vance severe economic and emotional distress. *Id.* at ¶ 34.

### B. Procedural Background

This is Vance's third attempt at pleading her claims. *See* Compl., ECF No. 1-4; First Amended Complaint ("FAC"), ECF No. 12; SAC, ECF No. 21. The Court dismissed several of Vance's contract-based claims in her original complaint with prejudice, finding that "[b]ased on the specific terms of the Annuity, Eutsler had no right to designate a beneficiary but only the right to *request* a change to the beneficiary." Order, ECF No. 11, 6-7. Accordingly, Vance's FAC removed the contract-based claims and renewed only her claims for negligence, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See generally*, FAC, ECF No. 12. Vance then sought leave to file her SAC, adding BHG as a defendant to her negligence and emotional distress claims. *See* Mot., ECF No. 13. The Court granted Vance leave to file her SAC. *See* Order, ECF No. 19

On January 13, 2021, Vance filed the SAC, re-alleging her first claim for relief for negligence; seventh claim for conversion, ninth claim for intentional infliction of

3

emotional distress, and negligent infliction of emotional distress.³ SAC, ECF No. 21. Defendants BHG and BHLN seek to dismiss Claims 1, 9, and 10, ECF No. 25, while Defendant Barnett seeks to dismiss Claims 7, 9, and 10, ECF No. 24.

The Court addresses all four of Vance's claims in the SAC. As set forth below, however, her revised pleading fails to show how on these facts Defendants could be liable for their conduct as a matter of law. Accordingly, the Court dismisses the SAC with prejudice.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests whether the pleading plausibly states a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]hen assessing a complaint's allegations, the court may [also] consider any document incorporated by reference in the complaint." *See Parrino v. FHP, Inc.*,

---

³ For clarity, the Court notes the following: Although generally, when claims are dismissed, the party removes those claims entirely from the subsequent amended complaint and re-numbers the claims for relief, Vance filed an amended complaint with the original ten claims for relief, striking through the claims the Court had dismissed. Thus, even though the defendants only collectively seek to dismiss Claims 1, 7, 9, and 10, these are the only remaining claims in this case.

4

146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with it. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, under the incorporation by reference doctrine, the Court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss to a motion for summary judgment. *Branch*, 14 F.3d at 454. Consequently, "[p]laintiffs may plead themselves out of court by attaching exhibits inconsistent with their claims because the court may disregard contradictory allegations." Phillips & Stevenson, *California Practice Guide: Federal Civil Procedure Before Trial* § 9:212a (The Rutter Group April 2020) Phillips, § 9:212a; *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007–08 (9th Cir. 2015) (noting that courts "need not accept as true allegations contradicting documents that are referenced in the complaint").

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus, leave to amend should be freely granted. *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where . . . further amendment would be futile.").

### III. ANALYSIS

Vance's SAC realleges the negligence, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress claims from her original complaint and FAC, adding some factual support as well as adding BHG as a defendant to her negligence and emotional distress claims. The Court addresses each claim in turn.

### A. Negligence

Vance's SAC alleges Defendants BHLN and BHG negligently failed to notify the insured, John Eutsler, that it considered the submitted Change Request to be insufficient. SAC, ECF No. 12, ¶ 37. She further argues that "as an intended beneficiary" under the Annuity, she can bring a claim against those "whose negligence caused her to lose her rights." *Id.* Here, BHG joins BHLN in renewing BHLN's prior argument that neither party owed Vance a duty of care under these circumstances, and therefore they cannot be held negligent for the alleged notification error. Mot., ECF No. 25, 6.

In California, negligence comprises "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1062 (E.D. Cal. 2010) (citing *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)). In granting BHLN's first motion to dismiss, the Court observed that "the Complaint and the Annuity attached thereto unequivocally indicate Vance is not a third-party beneficiary." Order, ECF No. 11, 4. The Court nonetheless granted Vance leave to amend because "Vance may be able to otherwise plausibly plead BHLN owed her a duty of care that was breached by its rejection of the Change Request even though she was not a third-party beneficiary to the Annuity." *Id.* at 5.

Given two opportunities to amend, Vance has failed state a viable negligence claim. Vance previously argued she was a "third-party beneficiary" of the Annuity. *See* Compl., ECF No. 1-4, ¶ 42. The Court rejected that argument. Order, ECF No. 11, 5. Now, Vance instead argues she was an "intended beneficiary" of the insured, and that once "BHLN/BHG were put on notice by Mr. Eutsler that he wished to change his beneficiaries, BHLN/BHG had a duty of care/fiduciary obligation to [Vance]." Opp'n, ECF No. 26, 5.

The semantic distinction between "third-party beneficiary" and "intended beneficiary" in the context of a structured settlement Annuity makes no substantive difference. Vance cites no additional authority establishing an Annuity owner owes a

duty of care to someone in Vance's position, and the Court is not aware of any. Instead, the Court's previous analysis remains applicable: the limited authority addressing these situations in California has settled against finding that claimants, such as Vance, are owed a duty of care by Annuity owners such as BHG. *See* Order, ECF No. 11, 5 (citing *Sisco v. Cosgrove, Michelizzi, Schwabacher, Ward & Bianchi*, 51 Cal. App. 4th 1302, 1309 (1996) ("By the terms of the policy, the right to designate a beneficiary was held by the owner of the annuity, not the annuitant or payee. Thus, whether [the holder] was prohibited . . . from exercising his rights under the annuity contract is irrelevant; he had no right under the annuity contract to designate a beneficiary."); *Ramirez v. Am. General Life Ins. Co.*, No. B276316, 2018 WL 300374, *1 (Cal. Ct. App. Jan. 5, 2018) (holding that the second amended complaint failed to allege sufficient facts to state a claim for negligence where the defendants "did nothing more than provide an annuity as requested by the parties to the . . . action," and "a non-party to that action may not now collaterally attack the terms of the settlement agreement by purporting to challenge the terms of the annuity"). On these facts, if BHG owed a duty to properly notify Eutsler of its rejection, it owed that duty to Eutsler himself or now, perhaps, his estate. However, no California authority provides Vance, as opposed to Eustler or his estate, the right to recover for that negligent act. In short, Vance is not an appropriate plaintiff for these facts. *See, e.g.*, CAL. CIV. PROC. CODE § 377.30 (providing that "[a] cause of action that survives the death of the person entitled to commence an action . . . passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative").

      The SAC is Vance's third attempt to allege negligence. The Court finds "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). This is because on these alleged facts, BHLN and BHG never owed a duty of care to Vance, and therefore they are not liable to Vance for negligence as a matter of law. *See Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir.

1988). Accordingly, the First Claim for Relief is **DISMISSED with prejudice**.

**B.     Conversion**

Vance's SAC alleges Barnett committed conversion. SAC, ECF No. 21, ¶¶ 73-77. The Court previously dismissed this claim because Vance's allegations contained only legal conclusions and no factual details plausibly alleging how Barnett misappropriated the Annity proceeds for her own use. Order, ECF No. 11, 8. Barnett again argues the SAC fails to plausibly state a claim for relief. Mot., ECF No. 24, 7.

In California, conversion is the wrongful exercise of dominion over the property of another. *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (Cal. 2015). To prove conversion, Vance must show (1) her ownership or right to possession of the property; (2) Barnett's conversion by a wrongful act or disposition of property rights; and (3) damages. *Id.* Put differently, Vance "must establish an actual interference with [her] ownership or right of possession." *Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 136 (1990) (citations omitted). "Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, [she] cannot maintain an action for conversion." *Id.*

Vance's SAC adds only the following to her conversion claim: "By way of Mr. Eustler's desired change of beneficiary, Ms. Vance has the right to 50% of the annuity. By not allowing Ms. Vance 50% of the annuity, Ms. Barnett has engaged in a wrongful act by wrongfully exercising dominion over the property intended for Ms. Vance." ECF No. 21, ¶ 76. However, the Court has already concluded "Vance is not a party or a third-party beneficiary" of the contract. Order, ECF No. 11, 6. Because Vance is not a party or a third-party beneficiary of the contract, she cannot argue she owns or has the right to possess the proceeds of that contract and therefore cannot establish Barnett committed conversion by exercising dominion over the Annuity proceeds.

As noted above, this is Vance's third attempt to allege conversion. The Court likewise finds this claim cannot be cured by revised pleading and that Barnett is not liable for conversion of the Annuity proceeds as a matter of law. *See Albrecht*, 845 F.2d at 195-96. Accordingly, the Seventh Claim for Relief is **DISMISSED with prejudice**.

### C. Intentional Infliction of Emotional Distress

Vance's SAC alleges BHLN, BHG, and Barnett committed intentional infliction of emotional distress. ECF No. 21, ¶¶ 82-89. Vance argues the Defendants intentionally harassed and intimidated her with a malicious motive, causing her to suffer humiliation, mental anguish, and emotional distress. SAC., ECF No. 1-4, ¶¶ 83-89. Defendants argue Vance has failed to allege any "outrageous" conduct. Mot., ECF No. 24, 8; Mot., ECF No. 25, 7-8.

In California, the elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 977 (E.D. Cal. 2016) (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009)).

The Court previously dismissed this claim against Defendants because the complaint contained "only boilerplate legal conclusions and fails to allege any facts showing that Defendants' conduct was intentional." Order, ECF No. 11, 9. In the SAC, Vance adds four paragraphs of support to her claim. SAC, ECF No. 21, ¶¶ 84-87. The sum of the revised allegations is that Defendants knew Eutsler intended to change the beneficiary of the Annuity to add Vance, but that Defendants intentionally denied the change request, causing Vance "humiliation, mental anguish and emotional distress." *Id.* at ¶ 84.

A defendant's conduct is only "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1050-1051. Here, the Court already held that Vance "is not a party or a third-party beneficiary" of the contract. Order, ECF No. 11, 6. Accordingly, Vance cannot plausibly allege Defendants acted "outrageously" by refusing to give Vance fifty percent of the Annuity proceeds. Even if there were a dispute about whether Vance was a beneficiary

9

of the Annuity, it would hardly be "outrageous" for Defendants refrain from giving Vance the proceeds of the Annuity before the matter was decided by the Court.

Vance spends much of her opposition arguing that the SAC contains plausible allegations of her emotional distress. *See* Opp'n, ECF No. 27, 7. However, these arguments miss the threshold element of "outrageous" conduct required for the tort. Defendant Barnett's refusal to give fifty percent of the proceeds to Vance and the other Defendants' "ratification" of that refusal is the gravamen of Vance's claim, and that conduct cannot plausibly be considered outrageous under the circumstances alleged. *See Robles*, 158 F. Supp. 3d at 977. Accordingly, the Ninth Claim for Relief for intentional infliction of emotional distress is **DISMISSED with prejudice**. *See Albrecht*, 845 F.2d at 195-96 (holding leave to amend is not required where the facts are not in dispute, and there is no liability as a matter of substantive law).

### D. Negligent Infliction of Emotional Distress

Finally, Vance's SAC alleges a claim for negligent infliction of emotional distress against BHLN, BHG, and Barnett. ECF No. 21, ¶¶ 90-97. Defendants argue Vance again fails to allege they owed her a duty of care, which is required to plead the tort. *See* Mot., ECF No. 24, 9; Mot., ECF No. 25, 9.

"[N]egligent infliction emotional distress is not an independent tort in California, but the tort of negligence with the traditional elements of duty, breach of duty, causation, and damages." *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010) (quoting *Burgess v. Super. Crt.*, 2 Cal. 4th 1064, 1072 (1992)) (internal quotation marks omitted).

As discussed above, the Court has already found Defendants do not owe Vance a duty of care on these facts. Accordingly, Vance cannot establish the first element of negligence, and therefore cannot plausibly plead Defendants committed negligent infliction of emotional distress. *See Chaconas*, 713 F. Supp. 2d at 1186. Because Vance cannot cure this deficiency through amended pleading, the Tenth Claim for Relief is **DISMISSED with prejudice**. *See Albrecht*, 845 F.2d at 195-96.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 24, 25) are **GRANTED**. Plaintiff's SAC is **DISMISSED with prejudice**. Because no other claims for relief remain in this case, the Court dismisses the entire action and directs the Clerk of the Court to close the case.

**IT IS SO ORDERED.**

Dated: March 17, 2021

HON. ROGER T. BENITEZ
United States District Judge